**Buchanan Ingersoll ▲ Rooney** PC

**Howard D. Scher**
215 665 3920
howard.scher@bipc.com

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555

T 215 665 8700
F 215 665 8760
www.bipc.com

October 21, 2016

<u>VIA ECF</u>

Hon. Brian M. Cogan
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *SourceOne Dental, Inc. v. Patterson Cos., Inc., et al.*,
          Civ. A. No. 15-05440-BMC-GRB

Dear Judge Cogan:

    Pursuant to Fed. R. Civ. P. 15(a)(2), 16(b) and your Honor's Individual Rules, defendant Benco Dental Supply Co. ("Benco") files this pre-motion letter respectfully requesting a pre-motion conference or an Order allowing modification of the scheduling order to permit Benco to assert counterclaims against plaintiff SourceOne Dental, Inc. ("SourceOne") for violations of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, common law unfair competition and common law interference with prospective business violations. The Amended Answer and Counterclaim is attached hereto as Exhibit 1 in redline format to show its changes from Benco's Answer.

    Before filing this letter, Benco contacted SourceOne's counsel and was informed that SourceOne would not agree to allow Benco to assert these counterclaims.

    The current scheduling order provides that the deadline for the parties to amend their pleading was June 3, 2016. (ECF #46 at 2). The fact discovery period extends until February 10, 2017 and the expert discovery period extends until June 19, 2017. (*Id.*)

    A court has the discretion under Rule 16(b) "to determine whether the scheduling order should be modified so as to allow an amended [pleading]." *Kassner v. 2d Ave. Delicatessen*, 496 F.3d 229, 244 (2d Cir. 2007); *see also Calabro v. Stone,* 2005 WL 327547, at *1 (E.D.N.Y. Jan. 27, 2005). In so deciding, the court should consider whether a party was diligent in seeking to amend the pleading and whether the amendment will prejudice the opposing party. *Id.* The specific rule concerning amendments to pleadings, Rule 15, provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also*

October 21, 2016
Page - 2 -

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.") As the Second Circuit has explained, as a general matter, motions to amend should only be denied "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Benco has been diligent in seeking to assert its claims against SourceOne. Although Benco's claims are similar to those brought by co-defendant Patterson earlier in this litigation,[1] Benco's decision to assert a counterclaim against SourceOne at this time was triggered by facts that only came to light after the June 4, 2016 deadline for amending the pleadings.

Specifically, depositions did not begin this case until August 17, 2016. The testimony of several third-party witnesses, including Donovan Osio of the Texas Dental Association and Kevin Earle and Terry Xelowski of the Arizona Dental Association, in late August revealed a previously unknown level of deception regarding SourceOne's false advertising. Specifically, Mr. Osio testified that SourceOne's advertising "wasn't 100 percent accurate." D. Osio Dep. Tr. 614:3-4. Mr. Earle and Mr. Xelowski subsequently provided similar testimony, with Mr. Earle testifying that SourceOne's advertising was "a little exaggerated." K. Earle Dep. Tr. 200:2-16.

Moreover, the third-party testimony of SourceOne's distributors, Frank Nowtash of Arnold Dental Supply Co. (taken September 21-22, 2016), Sergey Kunin of IQ Dental Supply, Inc. (October 6, 2016), and Dinesh Sakhrani of DDS Dental Supplies (October 13, 2016), revealed previously unknown facts regarding SourceOne's pricing practices and sale of unauthorized dental products.

The testimony of these witnesses caused Benco to re-evaluate potential claims against SourceOne under the Lanham Act and state common law. More specifically, this testimony revealed that SourceOne, in its dealings with the Texas Dental Association and Arizona Dental Association, made numerous misrepresentations to them about its business model, the level of actual and potential savings, and its authorization from manufacturers to sell certain goods. These misrepresentations, in turn, diverted business from Benco and injured Benco's goodwill and relationships with its customers.

"Good cause" to allow for an amendment to a pleading is found where new evidence is uncovered to support a claim, even if party may have previously suspected that it had a claim against the other side. *See In Bryant v. Carlisle Carrier Corp.*, 2014 WL 712592, at *2 (E.D.N.Y. Feb. 25, 2014) (granting motion to modify scheduling order to allow filing of a counterclaims where the basis for asserting the new counterclaim was a deposition occurring after the deadline set in the scheduling order and finding that a delay of two months after that

---

[1] *See* Answer and Counterclaim of Patterson Companies, Inc. (ECF # 33).

October 21, 2016
Page - 3 -

deposition was not a lack of diligence by defendants); *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536-37 (E.D.N.Y. 2010) (granting leave for plaintiff to amend its complaint to state new causes of action for breach of contract nine months after the court's deadline, where plaintiff claimed to have discovered new facts in discovery, and rejecting defendants argument that plaintiff had been aware of the existence of the claim since before the deadline, the Court finding that it was knowledge of the alleged breach that was relevant to the inquiry); *Permatex, Inc. v. Loctite Corp.*, No. 03 CIV.943 LAK GWG, 2004 WL 1354253, at *1-2 (S.D.N.Y. June 17, 2004) (granting leave to add new counterclaims based on new facts learned at depositions after the court's deadline to amend, and finding that a two month delay in moving after the deposition was not so unreasonable as to deny the motion); *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2010 WL 1257803, at *9 (E.D.N.Y. Mar. 26, 2010) (granting leave to amend to add a new counterclaim for misrepresentation after the court's ordered deadline had passed, where new information came light after the deadline had passed).

Furthermore, SourceOne would not be prejudiced if Benco is permitted to assert its counterclaim in this action. The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial. *Fariello v. Campbell*, 860 F. Supp. 54, 70 (E.D.N.Y. 1994). In determining what constitutes "prejudice," courts consider whether the assertion of the new claim would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute. *See, e.g., Block v. First Blood Assoc*, 988 F.2d 344, 350 (2d Cir. 1993). SourceOne is unable to establish prejudice because (1) fact discovery in this case is ongoing and will not close until February 2017, and (2) SourceOne is already defending against Patterson's similar claims. Furthermore, it would be far more efficient, and less of a burden on both SourceOne and Benco, to litigate Benco's claims as a part of this suit rather than as a separate, stand-alone proceeding.

This Court should grant leave to amend because Benco's counterclaim against SourceOne is not futile. A proposed amendment to a pleading is only deemed to be futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. *Joinnides v. Floral Park-Bellerose Union Sch. Dist.*, 2015 WL 1476422, at *15 (E.D.N.Y. Mar. 31, 2015). Benco's claim would not be subject to a motion to dismiss. Although Benco's decision to assert a counterclaim against SourceOne was brought about by its recent discovery of facts that came to light during depositions, the claims are similar to those claims brought by Patterson. SourceOne did not move to dismiss Patterson's claims, and similarly would have no basis to dismiss Benco's claims.

Respectfully submitted,

*/Howard D. Sch/*

Howard D. Scher

October 21, 2016
Page - 4 -

Enclosure

cc:     Christopher Renner (by ECF)