IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOURCEONE DENTAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> PATTERSON COMPANIES, INC, HENRY SCHEIN, INC., and BENCO DENTAL SUPPLY COMPANY, <br><br> Defendants. | Civil Action No.15-cv-05440-BMC |

**SOURCEONE DENTAL, INC.'S OPPOSITION TO
PATTERSON COMPANIES, INC.'S AND BENCO DENTAL SUPPLY CO.'S
<u>MOTION FOR RECONSIDERATION</u>**

Plaintiff SourceOne Dental, Inc. hereby opposes Defendants' motion for reconsideration of the Court's June 19, 2018 Order (ECF 227, the "Order") on the parties' cross motions for summary judgment on Defendants' counterclaims. ECF 228.

### INTRODUCTION

The Court's Order applied the correct legal standard for materiality of a false advertising claim under Second Circuit law, the standard Defendants themselves previously advanced.[1] The Order also addressed the arguments Defendants' motion asserts the Court overlooked. Because Defendants' motion is nothing more than an attempt to re-litigate arguments the Court previously considered and rejected, Defendants' reconsideration motion should be denied.

---

[1] Defendants' motion for reconsideration is limited to the Court's finding on materiality as to SourceOne's allegedly false savings claims. Defendants do not ask the Court to reconsider any other aspect of the Court's Order granting SourceOne's motion for summary judgment on Defendants' counterclaims.

1

The Court should also deny Defendants' request for entry of final judgment under Rule 54(b) so that they can file an immediate appeal. Although Defendants cite the benefits of avoiding a separate trial on Defendants' counterclaims, this efficiency comes at the cost of burdening the Second Circuit with one or more piecemeal appeals, and is not sufficient to justify certification. Moreover, Defendants' request incorrectly assumes that this Court would stay the trial on SourceOne's antitrust claims pending Defendants' appeal. Defendants do not ask for such a stay, and there is no conceivable basis for one. SourceOne's antitrust claims are trial ready, and delaying that trial would prejudice SourceOne. The Court should reject Defendants' effort to use their counterclaims to further delay a trial on SourceOne's antitrust claims.

## ARGUMENT

### I. There Is No Basis for Reconsidering the Court's June 19 Order.

"A motion for reconsideration is not a proper tool for a party dissatisfied with the court's ruling to merely relitigate issues previously determined by the court or reargue the same points that were previously raised and rejected." *Gustavia Home, LLC v. Rice*, 2017 WL 3669007, at *1 (E.D.N.Y. July 12, 2017) (Cogan, J.), *aff'd*, 724 F. App'x 87 (2d Cir. 2018) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1985)). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995).

Because Defendants have not met this standard, Defendants' motion should be denied.

#### A. The Court Applied the Correct Standard for Materiality.

Defendants argue in their reconsideration motion that the Order "articulates a test for determining materiality inconsistent with, and more restrictive than, controlling Second Circuit law." Defs' Br. (ECF 229) at 1. Defendants are incorrect. The Court held that to succeed on

2

their false advertising claim, Defendants must show "that these literally false statements were material—that is, 'likely to influence purchasing decisions.'" Order at 12 (quoting *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, 843 F.3d 48, 70 n.11 (2d Cir. 2016)). The Court explained that under Second Circuit law, a showing of materiality "'requires that the allegedly false or misleading representation involved an inherent or material quality of the product [] -- i.e., that the representation was likely to influence purchasing decisions.'" *Id.* at 12 n.3 (quoting *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 68 (2d Cir. 2016)). This is also the standard for materiality advanced by Defendants themselves in support of their own summary judgment motion. ECF 214 at 7 ("Materiality means nothing more than the false statements were likely to influence a purchaser's decision.") (citing *Apotex* 823 F.3d at 67-68).

In the *Church & Dwight* decision cited in the Order—but ignored by Defendants in their motion—the Second Circuit stated that "*Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51 (2d Cir. 2016), **recently settled the materiality standard in this Circuit, explaining that the standard is whether the deception is 'likely to influence purchasing decisions**.'" 843 F.3d 48, 70 n.11 (quoting *Apotex*, 823 F.3d at 63) (emphasis added). Thus, this Court did not overlook "controlling Second Circuit law."[2]

Defendants are also wrong in arguing that the Court "deviat[ed] from Second Circuit precedent" by assessing whether Defendants provided "'evidence that a SourceOne customer's average savings of 19-20% as compared to SourceOne's advertised savings of 35% would be

---

[2] Defendants also assert the Order "improperly requires a showing of actual consumer impact, that is, that evidence is presented that demonstrates that *in fact actual* consumers found the literally false statement material to their purchasing decisions." Defs' Br. at 1 (emphasis added). The Order stated that Defendants "need not produce evidence that any consumers . . . were actually influenced by SourceOne's literally false statements," but that Defendants "must still produce some evidence that customers' purchasing decisions were *likely* influenced by those statements." Order at 12 (emphasis in original).

3

likely to influence dentists' purchasing decisions.'" Defs' Br. at 3 (quoting Order at 14). Defendants assert that "[r]educed to its essence, the test [for materiality] is whether the statement misrepresents a quality or characteristic *that is important to the purchaser* of that product," and that "the Second Circuit examines *the subject of* the misrepresentation, and asks whether consumers care about it." *Id.* at 2, 3 (emphasis added). Under this supposed standard for materiality, according to Defendants, the Court should have found SourceOne's savings claims were material because "price" is an inherent characteristic of SourceOne, and because "savings, no matter how small, are important to dentists and SDAs." *Id.* at 3, 4.

Tellingly, Defendants do not quote or cite any case in support of their characterization of the standard for materiality. Under Defendants' purported standard, *any* overstatement in claimed savings would establish materiality, regardless of the amount. But Defendants cite no case that says any misrepresentation on the "subject of" price—an inherent characteristic of any product offered for sale—is material.³ If that were the law, materiality would be superfluous in false advertising cases involving price claims. Instead, as the Second Circuit made clear in *Apotex*, the relevant question is whether the "specific misrepresentation" at issue is material, not merely some subject matter to which the false statement could be said to relate. 823 F.3d at 68. As Defendants themselves previously put it: "materiality means nothing more than the *false statements* were likely to influence a purchaser's decision." ECF 214 at 7 (citing *Apotex*, 823 F.3d at 67-68) (emphasis added).

---

³ Defendants cite *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 857 F. Supp. 1241, 1246-47 (N.D. Ill. 1994) for the proposition that "[c]ourts recognize price as a characteristic of goods under the Lanham Act." Defs' Br. at 5 n.1. But that case merely addressed whether false price advertising claims are actionable under Section 43(a) of the Lanham Act, not whether all statements about price are material, as Defendants suggest. *See id.* at 1246 n.7.

4

The Court also already considered and rejected Defendants' argument that the importance of price savings to dentists and SDAs demonstrates materiality. Order at 13-14. As the Order correctly stated, "it is not sufficient for defendants to presume materiality simply on the basis that purchasers like to spend less instead of more." *Id.* at 14. This is because Defendants have challenged as false the amount of SourceOne's claimed savings—not the fact that SourceOne offers savings, which is undisputed. As such, they must demonstrate that the challenged representation—the amount of the allegedly overstated percentage savings—would likely influence consumers' purchasing decisions. Defendants produced no such evidence. *Id.* at 14.

None of the Second Circuit cases Defendants contend the Court overlooked support reconsideration of the Order. Defs' Br. at 3-5. To the contrary, the cases demonstrate that the element of materiality requires evidence that the "specific misrepresentation" challenged by the Lanham Act plaintiff would likely affect consumers' purchasing decisions. Here, the Court was correct to examine the difference between actual and claimed savings because the "specific misrepresentation" challenged is the alleged overstatement in savings. And because Defendants produced no evidence that this overstatement is "likely to influence consumer purchasing decisions," it cannot be material. Order at 14.

For example, in *National Basketball Association v. Motorola, Inc.*, 105 F.3d 841 (2d Cir. 1997), the specific misrepresentation at issue was the defendant's claim that its pagers provided NBA game updates "from the arena." *Id.* at 855. While the updates were in fact based on data taken from radio and television broadcasts, the court nevertheless found the "from the arena" statements were not material and "would not influence consumers" because the NBA, just like the Defendants here, failed to produce any evidence that consumers would likely have made different purchasing decisions but for the false statements. *Id.* Contrary to Defendants' brief, the

5

court made no finding about what "consumers valued," let alone that they valued "the *speed* of updates and not where those updates came from." Defs' Br. at 5 (emphasis in original).

Similarly, in *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232 (2d Cir. 2001), the specific false claim that the court imputed to the defendants' advertisements was that "Slide-Loc bags *always leak* when filled with water and held upside down." *Id.* at 240 (emphasis added). The court concluded this misrepresentation was material because the advertisement "portray[s] the leakage as simply an *ever-present characteristic* of the Slide-Loc bags." *Id.* at 237 (emphasis added); *see also id.* (explaining that the "*inability* of a Ziploc Slide-Loc bag to prevent leakage is portrayed as an inherent quality of characteristic of that product") (emphasis added). The court did not need to examine the leakage rates in assessing materiality because the misrepresentation was that *all* Slide-Loc bags leaked as shown—not because the "subject of" the misrepresentation related to leakage, or because the commercial "falsely represented more leakage than actually existed," as Defendants contend. Defs' Br. at 3.

The Second Circuit's decisions in *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144 (2d Cir. 2007) and *Coca-Cola Co. v. Tropicana, Inc.*, 690 F.2d 312 (2d Cir. 1982) also do not support reconsideration of the Court's Order. *Time Warner* is irrelevant because the materiality of the false statements at issue was undisputed. *Id.* at 153 n.3. Thus, the court "did not examine the difference between actual picture quality and the claimed picture quality" (Defs' Br. at 4) because there was no need to do so. And while Defendants contend the court in *Coca-Cola*, found Tropicana's false claim about its juice was material "without examining differential purchasing decisions" (Defs' Br. at 5), Defendants ignore the court's finding that consumer survey evidence showed "the commercial will mislead consumers and, *as a consequence, shift their purchases from plaintiffs' product to defendants*." *Id.* at 317 (emphasis added). Thus, the

6

court in *Coca-Cola* was presented with precisely the kind of evidence demonstrating materiality the Court found Defendants failed to adduce here—evidence showing the false statement would likely influence consumers' purchasing decisions. Order at 14.[4]

Defendants also accuse the Court of applying a "novel" "obvious disparity" test for materiality. Defs' Br. at 8. But the Court did no such thing. The Court merely stated that there might be some hypothetical difference in claimed versus actual savings so significant so as to establish materiality as a matter of law without evidence the savings claims at issue would likely influence consumers' purchasing decisions. Order at 14. But that is not the test the Court applied here. Rather, the Court explained that Defendants merely needed to offer "some form of evidence to raise a factual question" as to whether the alleged overstatement in savings "was material in this market," which the Court correctly found Defendants failed to do. *Id.*

### B. There Are No Disputed Factual Issues as to the Materiality of SourceOne's Savings Claims.

Defendants alternatively argue that the Court should reconsider its materiality finding and allow Defendants to present their counterclaims to a jury because even under "the Order's novel 'obvious disparity' test," the mere fact that "savings matter to dentists and State Dental Associations and 5% to 10% savings affect decisions" create "disputed factual issues." Defs' Br. at 7-8. This Court correctly explained why the mere importance of saving money does not demonstrate the materiality of SourceOne's alleged *overstatement* of its savings. Order at 14.

---

[4] Defendants' reliance on the *Restatement* also fails. Defs' Br. at 6. The quoted language says materiality requires a showing that "'the representation is likely to influence prospective purchasers to some substantial degree.'" *Id.* (quoting *Restatement (Third), Unfair Competition* § 3, cmt. b (Am. Law Inst. 1995). Defendants fail that test not only because they failed to adduce any evidence that the overstated savings are "likely to influence prospective purchasers," but also because they have not shown the statements were likely to influence prospective purchasers "to some substantial degree."

7

That "savings matter to dentists and State Dental Associations" does not create a "genuine dispute as to any material fact," Fed. R. Civ. P. 56, because it "does not reveal anything about the impact" of the specific misrepresentation challenged by the Defendants "on consumers' purchasing decisions." *Apotex*, 823 F.3d at 68. While Defendants argue a jury should be allowed to infer that it might (Defs' Br. at 7-8), such an inference would be pure speculation, and summary judgment is warranted. Order 14; *see also Apotex*, 823 F.3d at 68.

As for the evidence that 5-10% savings influence the purchasing decisions of dentists, the Court has explained that "if defendants agree that a consumer would be induced to switch to a supplier which offered goods for 10% less, then SourceOne's customers' average savings of 9% more than that (in lieu of the promised 20%+ more) is just gravy." Order at 13. Put another way, the difference between actual savings of 19% and the allegedly overstated savings of 35% would *not* likely cause dentists to forego purchasing from SourceOne, or "dissuade consumers from purchasing" from Patterson or Benco, if a mere 5-10% in savings would induce dentists to switch suppliers. *Apotex*, 823 F.3d at 68. While Defendants argue a juror "could reasonably find" SourceOne's exaggerated savings are material (Defs' Br. at 8), Defendants' problem is that they adduced no evidence supporting that conclusion. As a result, the hypothetical inference Defendants ask this Court to allow a jury to a draw would be based on nothing more than speculation, which would be improper. Order at 14.

## II. Defendants Are Not Entitled to Relief Under Rule 54(b).

As this Court has recognized, "Relief under Rule 54(b) is exceptional." *Pierce v. City of New York*, 2018 WL 679459, at *2 (E.D.N.Y. Feb. 1, 2018) (Cogan, J.). Certification under Rule 54(b) "is to be exercised sparingly in light of the 'historic federal policy against piecemeal appeals,'" *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) (quoting

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)), and may be granted "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. 54(b). "[T]here is no just reason for delay only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Adv. Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (internal quotation marks omitted); *accord Pierce*, 2018 WL 679459, at *2. "[I]t is incumbent upon a party seeking immediate relief in the form of a Rule 54(b) judgment to show not only that the issues are sufficiently separable to avoid judicial inefficiency but also that the equities favor entry of such a judgment." *Novick v. AXA Network, LLC*, 642 F.3d 304, 314 (2d Cir. 2011).

Defendants fail to show that a 54(b) certification will promote judicial efficiency. While Defendants argue that an immediate appeal "avoids the need for a second trial" and "could result in a reversal and trial of all of the issues between the parties in one proceeding" (Defs' Br. at 9-10), the proper focus of the Rule 54(b) analysis is whether certification will preserve the resources of the Second Circuit, and not of this Court. *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) (certification does not further efficiency by "having piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case"); *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 73 F. Supp. 2d 345, 348 (S.D.N.Y. 1999) ("While the Court appreciates [defendant's] concern for the judicial resources of the district court in attempting to avoid two trials, Rule 54(b)'s primary concern is the conservation of the appellate court's resources in avoiding multiple appeals.").

Because the Court's Order did not reach all of SourceOne's arguments for entry of summary judgment on Defendants' counterclaims, a Rule 54(b) certification may well result in multiple piecemeal appeals to the Second Circuit. *L-7 Designs, Inc. v. Old Navy, LLC*, 964 F. Supp. 2d 299, 318 (S.D.N.Y. 2013) (two appeals just as inefficient as two trials and would "likely delay the final resolution of the case"). Specifically, the Court's Order did not address the parties' dispute about whether Defendants are entitled to a presumption of irreparable injury warranting an injunction. ECF 171 at 21-23, ECF 191 at 21-24, ECF 220 at 14-16.

Moreover, the balance of equities tilts sharply against granting Defendants' piecemeal appeal, which will prejudice SourceOne by inevitably delaying the trial of SourceOne's meritorious claims. Defendants have **not** sought a stay of SourceOne's antitrust claims, which are trial ready.[5] Defendants also contend that an immediate appeal would allow the Second Circuit to "clarify" the law. Defs' Br. at 9. But this is true of any appeal, ignores the fact that the materiality standard applied by the Court is the settled law of the Second Circuit, and is not a sufficient basis for granting certification under Rule 54(b). *TADCO Const. Group Corp. v. Dormitory Auth. of N.Y.*, 2012 WL 3011735, at *7 (E.D.N.Y. July 23, 2012) ("speculation about the importance of an appeal on a legal issue cannot serve as sufficient ground to warrant a Rule 54(b) certification" (internal quotation marks omitted)). Notwithstanding Defendants' claims to expedite the briefing on their piecemeal appeal, the "median time from filing notice of appeal to

---

[5] Defendants cannot establish any of the requirements for a stay: "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002).

10

disposition" in the Second Circuit is 10.8 months.[6] There is "no just reason for delay" of trial on SourceOne's claims, and this Court should reject Defendants' attempts to do so.

## CONCLUSION

For the foregoing reasons, Court should deny Defendants' motion for reconsideration.


Date:   July 17, 2018                            /s/ Michael S. Mitchell

                                                 Jack G. Stern (Bar Number JS-1394)
                                                 BOIES SCHILLER FLEXNER LLP
                                                 575 Lexington Avenue
                                                 7th Floor
                                                 New York, NY  10022
                                                 (212) 446-2300

                                                 James P. Denvir (*pro hac vice*)
                                                 William A. Isaacson (*pro hac vice*)
                                                 Michael S. Mitchell (*pro hac vice*)
                                                 Abby L. Dennis (*pro hac vice*)
                                                 Christopher G. Renner (*pro hac vice*)
                                                 Jessica E. Phillips (*pro hac vice*)
                                                 BOIES SCHILLER FLEXNER LLP
                                                 1401 New York Avenue, NW
                                                 Washington, DC 20005
                                                 (202) 237-2727

                                                 ***Counsel for Plaintiff SourceOne Dental, Inc.***

---

[6] Federal Judicial Center, *U.S. Courts of Appeals Federal Court Management Statistics* (March 31, 2018), *available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appsumary0331.2018.pdf.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2018, the foregoing document was filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to counsel of record in this matter.

*/s/ Michael S. Mitchell*
Michael S. Mitchell (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
(202) 237-2727
mmitchell@bsfllp.com

*Counsel for Plaintiff SourceOne Dental, Inc.*