**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOURCEONE DENTAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> PATTERSON COMPANIES, INC., et al., <br><br> Defendants. | Civil Action No. 15-cv-05440-BMC-GRB |

**DEFENDANT, BENCO DENTAL SUPPLY'S MOTION *IN LIMINE*
TO PRECLUDE PLAINTIFF FROM OFFERING
HEARSAY EVIDENCE FROM SETTLING DEFENDANTS**

## INTRODUCTION

Plaintiff's recent settlement with former defendant Patterson Companies, Inc. ("Patterson") – after the original deadline for filing motions *in limine* and after the time to lodge objections to proposed trial exhibits – has dramatically changed the upcoming trial of this matter.[1] As the only defendant left standing in this alleged antitrust action, Benco's defense has by necessity changed. As such, Benco moves *in limine* to exclude hearsay statements of its settling former co-defendants, Henry Schein, Inc. ("Schein") and Patterson.

## ARGUMENT

SourceOne's proposed trial exhibit list is replete with emails and other documents containing hearsay statements from employees or representatives of former defendants Patterson and Schein. Although such evidence may have been admissible as non-hearsay statements made by an opposing party under Fed. R. Evid. 801(d)(2)(A)–(D) when Patterson and Schein were parties to the case, now that both Patterson and Schein have settled their claims with SourceOne and have been dismissed from this action, the statements no longer constitute admissible non-hearsay under Rule 801(d)(A)–(D). *See Lechoslaw v. Bank of Am., N.A.*, 618 F.3d 49, 56-57 (1st Cir. 2010) (a hearsay statement may not be admitted under Rule 801(d)(2) after the party has been dismissed from the action).

Nor are these exhibits admissible against Benco under Rule 801(d)(2)(E) as statements made by alleged co-conspirators. For a statement to be admissible under Rule 801(d)(2)(E),

---

[1] Patterson settled with SourceOne after the Parties had exchanged deposition designations and objections to proposed trial exhibits. Patterson's settlement with SourceOne substantially changes Benco's trial strategy. Benco also made decisions in conjunction with Patterson's counsel that are no longer in Benco's strategic interests at trial as a result of the unforeseen settlement of Patterson. Accordingly, Patterson's recent settlement provides Benco with good cause to assert additional objections to documents containing communications of Schein and Patterson.

several conditions must be met that have not been met here. Before otherwise inadmissible hearsay statements from Schein or Patterson may be admissible as against Benco under Rule 801(d)(2)(E), the court must make preliminary determinations, by a preponderance of the evidence that: (1) a conspiracy existed; (2) Benco was part of the conspiracy; and (3) the to-be-offered statement was (A) made by a co-conspirator (B) during and (C) in furtherance of the alleged conspiracy. *See, e.g.*, *United States v. Coppola*, 671 F.2d 220, 226 (2d Cir. 2012); *United States v. Farhane*, 634 F.3d 127, 161 (2d Cir. 2011).

Independent evidence, other than the statements themselves, showing by a preponderance of the evidence that a conspiracy existed between the declarant and the defendant, must be introduced in order to fulfill the requirements of Fed. R. Evid. 801(d)(2)(E) that a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy is not hearsay. *See United States v. Santiago,* 199 F.Supp 2d 101 (S.D.N.Y. 2002) (holding that although the court may consider a hearsay statement itself to determine the existence of a conspiracy, it is clear that there must be some independent corroborating evidence of the defendant's participation in the conspiracy). SourceOne has not established by a preponderance of the evidence, either (1) that the alleged conspiracy existed, or (2) that Benco was a party to the alleged conspiracy.  As a result, no evidence in the record falls within the exception set forth in Rule 801(d)(2)(E). Furthermore, even if SourceOne could establish the existence of such a conspiracy by a preponderance of the evidence, and that Benco was a part of that supposed conspiracy, SourceOne must also show that each specific statement it intends to offer under Rule 801(d)(2)(E) was actually made during the conspiracy and in furtherance of a conspiracy before it can be considered as to Benco. Rule 801(d)(2)(E) is not an open-ended invitation to admit any and all statements by alleged conspirators. For example, casual admissions of culpability are not

enough to meet this requirement; the statement must be intended to promote the objective of the conspiracy. *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1199 (2d Cir. 1989) ("'Idle chatter' does not meet the test; nor does a 'merely narrative' description by one coconspirator of the acts of another." (quoting *United States v. Lieberman*, 637 F.2d 95, 103 (2d Cir. 1980) and *United States v. Heinemann*, 801 F.2d 86, 95 (2d Cir. 1986))). *See also United States v. Pallais*, 921 F.2d 684, 688 (7th Cir. 1990); *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007); 30B Michael H. Graham, Federal Practice & Procedure § 7025 (2014 ed.) ("Statements made during the existence of the conspiracy must be more than casual statements. The statements must actually be in furtherance of the conspiracy.").

Coconspirator statements may be found to be "in furtherance" of the conspiracy within the meaning of Rule 801(d)(2)(E) only where they "'prompt the listener to respond in a way that facilitates the carrying out of criminal activity.'" *Beech-Nut Nutrition Corp.*, 871 F.2d at 1199 (quoting *United States v. Rahme*, 813 F.2d 31, 35 (2d Cir. 1987)). Although "there is no requirement that the person to whom the statement is made also be a member" of the alleged conspiracy, *id.,* statements made to third parties are not generally considered to be in furtherance of a conspiracy. *See, e.g., United States v. Gibbs*, 739 F.2d 838, 845 (3d Cir. 1984) ("statements made to those who are not involved in the conspiracy are not 'in furtherance' of it"). Such statements are only in furtherance of a conspiracy if the third party had a specific need to know about the conspiracy. *See United States v. Weaver*, 507 F.3d 178, 182 (3d Cir. 2007) (statements made to "nonmembers of the conspiracy who had no need to know about the matter disclosed" are not in furtherance of the conspiracy); *United States v. Provenzano*, 620 F.2d 985, 1001 (3d Cir. 1980) ("[o]nly if there was a reason for Hart or Abramowitz to know these things about the conspiracy could the statements have been 'in furtherance of' the conspiracy"). *Cf. Beech-Nut*

*Nutrition Corp.*, 871 F.2d at 1199 (statements to third party were "in furtherance of the conspiracy where the third party was "intimately aware" of the relevant events and was "somewhat at risk of being accused" and statements were made to encourage him not to reveal incriminating information). Finally, "[a] party seeking admission of coconspirator statements that contain multiple hearsay must show the Rule 801(d)(2)(E) elements for each layer of hearsay." *United States v. Amato*, 2006 U.S. Dist. LEXIS 40870 (E.D.N.Y. June 20, 2006) (*citing Pittman by Pittman v. Grayson*, 149 F.3d 111, 124 (2d Cir. 1998)).

The overwhelming number of hearsay documents from Schein and Patterson listed on SourceOne's trial exhibit list makes it impractical to cite to any specific piece of evidence in this motion. Specifically, Benco and Patterson had previously objected to over 200 proposed Plaintiff exhibits that violate the rule against hearsay. As a result of the significant change in circumstances in this case, Benco identified an additional 278 documents that constitute inadmissible hearsay.

## **CONCLUSION**

For the foregoing reasons, Benco respectfully requests that this Court prohibit SourceOne from entering into evidence documents and e-mails that contain hearsay statements of settling defendants Schein and Patterson.

5

|  |  |
|---|---|
| Dated:  August 29, 2019 | **BUCHANAN INGERSOLL & ROONEY PC** |
|  | By: */s/ Howard D. Scher* |
|  | Howard D. Scher (admitted *pro hac vice*)<br>Thomas P. Manning (admitted *pro hac vice*)<br>Samantha L. Southall (SS8099)<br>Kenneth L. Racowski (admitted *pro hac vice*)<br>Mark A. Kasten (admitted *pro hac vice*)<br>Two Liberty Place<br>50 S. 16th Street, Suite 3200<br>Philadelphia, Pennsylvania 19102<br>Tel. (215) 665-3800 |
|  | *Counsel for Defendant Benco Dental Supply Co.* |